IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Brandon Pinkard, #280309, ) | Civil Action No.: 1:13-cv-3003-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LeVern Cohen, Warden, Ridgeland ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state prisoner proceeding through counsel, initiated this suit by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 4, 2013. *See* Petition, ECF No. 1. Petitioner is currently incarcerated at Ridgeland Correctional Institution in Ridgeland, South Carolina. On January 27, 2014, Respondent filed a motion for summary judgment and a return and memorandum in support. *See* ECF Nos. 12–13. After receiving an extension of time, Petitioner timely responded to this motion on March 17, 2014, *see* ECF No. 16, and Respondent replied to Petitioner's response on March 27, 2014, *see* ECF No. 17. The matter is now before the court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges, filed on June 20, 2014.[1] *See* R & R, ECF No. 18. In her R & R, the Magistrate Judge recommends that Respondent's motion for summary judgment be granted. *See id.* at 17. Petitioner timely filed objections to the R & R. *See* Obj., ECF No. 19.

For the reasons stated below, the Court adopts the Magistrate Judge's R & R, as modified, and grants Respondent's motion.

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

## BACKGROUND

The Magistrate Judge thoroughly discussed the facts and procedural background of this case, with citations to the record, in her R & R. *See* ECF No. 18 at 1–5. Respondent did not file any objections to the R & R, and Petitioner specifically indicated that he "has no objection to the procedural background and history set forth by the Report." *See* ECF No. 19 at 1 n.1. Accordingly, finding no clear error, the Court adopts the facts and procedural history as set forth in the R & R.

In his § 2254 petition, Petitioner raised two Grounds for relief. *See* Pet., ECF No. 1 at 6, 8. Respondent agreed that Petitioner's state remedies were properly exhausted for both of these grounds as required by 28 U.S.C. § 2254(b)(1)(A), and that they were ripe for determination in federal court. *See* ECF No. 13 at 9–13. In his response to Respondent's motion, however, Petitioner withdrew his Ground Two claim. *See* ECF No. 16 at 3. Petitioner's sole remaining ground, Ground One, asserts that he is entitled to a writ of habeas corpus because:

> **Ground 1**: The Petitioner's right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, was violated by trial counsel's failure to sufficiently evaluate and convey the State's plea offer to Petitioner.

*See* ECF No. 1 at 6. Petitioner also alleged supporting facts for this ground, which were quoted substantially verbatim in the R & R. *See* ECF No. 18 at 5–6; *see also* ECF No. 1 at 6.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific

objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## DISCUSSION

**I.     Habeas Standard**

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254, as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## II.    The R & R and Petitioner's Objections

In the R & R, the Magistrate Judge recommends the Court find that Petitioner's sole remaining ground for relief, Ground 1, lacks merit.  *See* ECF No. 18 at 9–17.  In his Petition, Petitioner alleged that trial counsel was ineffective in failing to properly evaluate the state's plea offer and to advise Petitioner of the plea offer.[2]  *See* ECF No. 1 at 6.  Moreover, Petitioner asserted that the *Lafler v. Cooper* prejudice inquiry[3] should apply for determining whether trial counsel

---

[2] The Court notes, however, that Petitioner acknowledged at the PCR hearing that he had received plea offer of twelve years.  *See* ECF No. 13-5 at 69.

[3] *Lafler* requires a petitioner to show that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been submitted to the court, . . . that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that were in fact imposed." *See* __ U.S. __, 132 S. Ct. 1376, 1385 (2012).  The Magistrate Judge and the parties broke the *Lafler* analysis into three prongs: (1) whether, but for the ineffective assistance of counsel, there is a reasonable probability that (a) the petitioner would have accepted the offer and (b) the prosecution

4

properly conveyed the plea offer. *See* ECF No. 16 at 13–16. The Magistrate Judge found that the PCR court did not have the benefit of *Lafler* at the time it issued it order denying and dismissing Petitioners' PCR application in 2011, and questioned whether this decision would be applicable to Petitioner's case. *See* ECF No. 18 at 15 & n.4. Nevertheless, the Magistrate Judge found that, even applying the *Lafler*, Petitioner failed to demonstrate that he would have accepted the offer had trial counsel effectively conveyed it to him. *See id.* at 16. Accordingly, the Magistrate Judge found that Petitioner failed to show that the PCR court's analysis misapplied clearly established federal law or, even if there was an error, that it was unreasonable. *See id.* Therefore, the Magistrate Judge recommends the Court grant Respondent's motion. *See id.*

Petitioner timely filed objections to the R & R. In his objections, Petitioner first asserts that the Magistrate Judge erred in suggesting that the standards announced by the United States Supreme Court in *Lafler* and *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399 (2012), may not be applicable to this collateral proceeding. *See* ECF No. 19 at 1. Petitioner asserts that the cases which the Magistrate Judge cited regarding the retroactivity of *Lafler* and *Frye* each dealt with whether these decisions would permit a second or successive habeas filing pursuant to 28 U.S.C. § 2244(b)(2)(A) or § 2255(h)(2). *See id.* at 2. Petitioner notes that, in this case, their applicability would revolve around whether *Lafler* and *Frye* announced a "new rule." *See id.* Petitioner argues that if *Lafler* and *Frye* did not announce new rules, their principles are applicable to cases pending on collateral review. *See id.*

Petitioner then argues that the Magistrate Judge also improperly recommended dismissal of the Petition on the merits. *See id.* at 3. Petitioner objects to the Magistrate Judge's determination

---

would not have withdrawn the offer; (2) whether the Court would have accepted its terms; and (3) whether the terms of the plea were more favorable than the final judgment against Petitioner. *See* ECF No. 16 at 14–15; ECF No. 17 at 2; ECF No. 18 at 14.

that trial counsel fully conveyed the benefits of the plea offer to Petitioner. *See id.* Petitioner argues that trial counsel was deficient because he failed to fully explain the benefits and disadvantages of the plea bargain, and this fact, combined with Petitioner's assertion that he would have taken the offer, demonstrates he would have accepted the plea if it had been properly presented to him. *See id.* at 3–4. Petitioner's also objects to the R & R's recommended finding that Petitioner is not entitled to relief because he would not admit guilt to either his attorney or to his mother, as Petitioner argues that this should not factor into the analysis of whether he would have accepted the plea. *See id.* Finally, Petitioner asserts that the Magistrate Judge erred in failing to adopt his analysis on the remaining portions of the *Lafler* analysis.[4]

### III.    Analysis

#### 1. Applicability of *Lafler* and *Frye*

Petitioner notes that the Report "appears to disagree with Petitioner" that the standards announced in *Lafler* and *Frye* are applicable to this collateral proceeding. *See* ECF No. 19 at 1–2. Petitioner objected to the Magistrate Judge's finding that "courts that have considered the issue of retroactivity have held that *Lafler* is not retroactive to cases on collateral review because the Supreme Court did not announce a new rule of constitutional law." *See* ECF No. 18 at 15 n.4. Petitioner argues that the cases relied upon by the Magistrate Judge in reaching this conclusion were examining whether *Lafler* and/or *Frye* announced a new rule made retroactively applicable (which would permit a second or successive habeas filing), not whether the principles articulated in those decisions would apply to pending collateral proceedings. *See* ECF NO. 19 at 2.

The Court first notes that, while the Magistrate Judge suggested that the standards of *Lafler* and *Frye* may not be applicable here, she nonetheless "[a]ssumed without deciding that *Lafler* is

---

[4] The Magistrate Judge did not reach the second and third prongs of the *Lafler* analysis after she found that Petitioner failed to meet the first prong.

applicable to Petitioner's case." *See* ECF No. 18 at 15 n.4. Even applying *Lafler*, the Magistrate Judge found that Petitioner was not entitled to the relief he sought. *See id.* at 15 & n.4. Thus, the Magistrate Judge's suggestion that *Lafler* and *Frye* may not be applicable was ultimately not germane to her analysis and ultimate conclusion.

Nevertheless, the Court agrees with the Petitioner that it does appear as though *Lafler* and *Frye* would apply to this collateral proceeding. As the Supreme Court has explained, the rule set forth in *Teague v. Lane* makes retroactivity of criminal procedure decisions turn on whether they are "novel." *Chaidez v. United States*, __ U.S. __, 133 S. Ct. 1103, 1107 (2013). When the Court announces a "new rule," a person whose conviction has been finalized "may not benefit from the decision in a habeas or similar proceeding."[5] *Id.* However, when a decision applies a "settled rule," a person may "avail herself of the decision on collateral review." *Id.* A case announces a new rule "when it breaks new ground or imposes a new obligation" on the government. *Teague*, 489 U.S. 288, 301 (1989). A new rule, therefore, is announced "if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Id.* However, if a case is "merely an application of the principle that governed a prior decision to a different set of facts," it does not announce a new rule. *Teague*, 489 U.S. at 307 (internal quotation marks and citations omitted).

As the Magistrate Judge noted, various authorities have determined that *Lafler* and/or *Frye* did not announce a new rule. *See, e.g.*, *Chaidez*, 133 S. Ct. at 1114–15 (Sotomayor, J., dissenting) (noting that the Supreme Court has "never found that an application of *Strickland* resulted in a new rule," and citing *Lafler* as an example); *Miller v. Thaler*, 714 F.3d 897, 902 (5th Cir. 2012) ("*Frye* did not announce a new rule of constitutional law . . . . Therefore, we may consider *Frye* [in

---

[5] The Supreme Court has noted to exceptions though: "'watershed rules of criminal procedure and rules placing 'conduct beyond the power of the [government] to proscribe.'" *Chaidez*, 133 S. Ct. at 1107 n.3 (quoting *Teague*, 489 U.S. at 311). In these situations a new rule will apply on collateral review even if novel.

7

reviewing] the state habeas court's decision."); *In re Perez*, 682 F.3d 930, 933 (11th Cir. 2012) ("*Lafler* and *Frye* are not new rules because they were dictated by *Strickland*."); *Davis v. United States*, No. 4:13-756-TLW, 2013 WL 4018596 (D.S.C. Aug. 2, 2013) (same).  The Magistrate Judge then explained that courts have considered retroactivity of *Lafler* have determined that it is not retroactive to cases on collateral review because the Supreme Court did not announce a new rule.  *See* ECF No. 18 at 15 n.4.  The Court agrees with Petitioner, however, that the cases the Magistrate Judge cited were mostly concerned whether *Lafler* and/or *Frye* articulated a new rule made "retroactive" for purposes of filing a second or successive habeas petition,[6] *see* 28 U.S.C. § 2244(b)(2)(A) and § 2255(h)(2).[7]  Since *Lafler* and *Frye* did not articulate a new rule, Petitioner may avail himself of those decisions in this collateral proceeding.

Therefore, the Court modifies the Magistrate Judge's analysis in the R & R to reflect the analysis herein.  As previously noted, however, the Magistrate Judge ultimately applied *Lafler* and *Frye* without deciding their applicability.  Thus, the Court's modification of the R & R does not affect the Magistrate Judge's substantive analysis.

**2.  Effectiveness of Counsel**

Petitioner's other objection asserts that the Magistrate Judge improperly recommended finding for Respondent on the merits.  *See* ECF No. 19 at 3–5.  The Magistrate Judge, applying *Lafler*, determined that Petitioner failed to demonstrate that he would have accepted the plea offer

---

[6] The Magistrate Judge also cited a case from the Eastern District of North Carolina which dealt with whether a § 2254 petition was timely filed under the statute of limitations, which extends the time for filing to one year from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See Benefield v. Perritt*, No. 5:13-HC-2158-BO, 2014 WL 1368729 (E.D.N.C. Apr. 7, 2014) (quoting 28 U.S.C. § 2244(d)(1)).

[7] The United States Code provides that a second or successive habeas corpus petition should be dismissed unless "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A).

had trial counsel effectively conveyed the offer to him.  *See* ECF No. 18 at 16.  Petitioner asserts that the Magistrate Judge erred because "[a]t no point in time did defense counsel ever fully convey the benefits of the plea offer to the Petitioner."  *See* ECF No. 19 at 3.  Petitioner argues that trial counsel admitted he never met with Petitioner in a manner that would have permitted him to effectively put the plea offer's terms to Petitioner, and if he had done so "[a]ny defendant in the Petitioner's position would have taken the plea."  *See id.* at 4.  Petitioner also objects to the Magistrate Judge's reliance on the fact that he would not admit guilt either to his attorney or his mother.  *See id.*  Petitioner acknowledges that he "was definitely offered a plea," but that he could not make an informed decision as to whether to accept its terms because trial counsel did not effectively convey the plea to Petitioner.  *See id.* at 5.  Finally, Petitioner objects to the Magistrate Judge's failure to discuss the remaining *Lafler* prongs and the *Strickland* performance prong.

To prevail on his ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 6904 (1984).  The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the error must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment."  *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 687, 689) (internal quotation marks omitted).  This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable."  *Strickland*, 466 U.S. at 687.  That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry.  Rather, the court must determine whether the result of the proceeding was

9

fundamentally unfair or unreliable. *Harrington*, 131 S. Ct. at 791; *Strickland*, 466 U.S. at 697–98, 700.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland's* high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788 (citations omitted). In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied Strickland's deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

With regard to plea offers, the Supreme Court has held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 1408 (2012); *see also Libretti v. United States*, 516 U.S. 29, 50 (1995) ("[I]t is the responsibility of defense counsel to inform a defendant of the advantages and disadvantages of a plea agreement . . . ."). However, even if there is deficient conduct, Petitioner must still demonstrate prejudice. In *Lafler*, the Supreme Court forth set the relevant prejudice inquiry that a

criminal defendant must meet in order to be granted relief for counsel's failure to properly convey a plea offer:

> In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 132 S. Ct. at 1385.

The Court agrees with the Magistrate Judge that the Petitioner has not shown that the PCR court's decision was contrary to clearly established federal law or that it involved an unreasonable application of federal law. In his objections, Petitioner hinges his argument on trial counsel's statement that he "tried several times to meet with [Petitioner]" without his mother so that the plea offer "could be effectively put to him." *See* ECF No. 13–5 at 96.[8] Petitioner also points to trial counsel's statement that he "really couldn't even go too much forward with [Petitioner's mother] saying we're not even discussing pleas." *Id.* at 100. Petitioner argues that these statements establish that trial counsel did not meet the requisite *Lafler* and *Frye* standards of effectiveness.

The Court agrees with the Magistrate Judge's determination, however, that trial counsel's other testimony established he was not ineffective in communicating the state's plea offer. Trial counsel testified that he approached Petitioner several times to discuss the plea offer, but that "[e]very time his mother was present, and she said my boy's not going to plead to anything." *See* ECF No. 13-5 at 96. Trial counsel tried to meet with petitioner before trial without his mother "so that it could be effectively put to him," but the mother was always present. *Id.* Trial counsel

---

[8] The pagination in the Court's citations refers to the page numbers in ECF, not the page numbers in the original document.

explained that he attempted to talk petitioner into taking the plea, but that Petitioner's mother always interrupted and say they didn't "want to hear about any plea." *Id.* Trial counsel testified that each time he tried to have Petitioner come by his office alone, "his mother nixed that." *Id.* at 127. After the state court ruled against Petitioner on his pretrial motions, trial counsel noted that he again "tried talking him into taking the plea." *Id.* at 139. Trial counsel even met with Petitioner "without his mother," but Petitioner "still wanted to go forward with trial." *Id.* at 140. Trial counsel testified that at no time did Petitioner indicate he wanted to admit guilt and plead guilty. *Id.* at 101. Moreover, trial counsel testified that he did not believe Petitioner would win at trial, as he "thought it would be [a] very . . . hard road to hoe for [Petitioner] to win." *Id.* at 101–02.

Petitioner acknowledged in his testimony at the PCR hearing that there "was a plea offer," and that it "was pertaining to the twelve years at the time." *See* ECF No. 13-5 at 69. Petitioner, however, directly contradicted trial counsel's testimony, arguing that trial counsel told him he had a seventy-five percent chance of winning at trial. *See* ECF No. 13-5 at 69, 78. He also testified that trial counsel's advice regarding acquittal led him to reject the plea offer. *See id.* The PCR court, however, determined this testimony was not credible and that trial counsel's testimony was credible, as shown by its finding that Petitioner "rejected the plea offer after trial counsel advised him on several occasions to take the plea." *See* ECF No. 13-5 at 169. As the Magistrate Judge noted, this credibility determination is entitled to deference in this action. *See Cagle v. Banker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). The Court agrees with the Magistrate Judge and the PCR court that trial counsel sufficiently conveyed the offer and advised Petitioner to take the plea offer.

The Court also finds that, applying the *Lafler* standard, Petitioner was not prejudiced by trial counsel's performance. Even assuming trial counsel failed to effectively convey the plea offer, Petitioner has not established that he would have accepted the plea offer. As Respondent noted, trial counsel testified that Petitioner and his mother were not willing to consider a plea offer that involved Petitioner serving time. *See, e.g.*, ECF No. 13-5 at 96. Moreover, trial counsel testified that Petitioner never gave any indication that he wanted to admit guilt and plead guilty.[9] *See id.* at 101. Petitioner also contradicted this testimony, indicating that in hindsight he would have accepted the plea if trial counsel had been effective. The PCR court, however, again found trial counsel's testimony to be credible, and determined that Petitioner had not shown he would have accepted the plea. *See id.* at 169–70. The Court agrees with the Magistrate Judge that the PCR court's decision was not contrary to, or involving an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on unreasonable application of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254; *see also Williams v. Taylor*, 529 U.S. 362, 398 (2000).

Because Petitioner has failed to establish the first prong of *Lafler*, the Magistrate Judge did not err by omitting discussion of the other two prongs. Therefore, Petitioner's final objection is also

---

[9] In the R & R, the Magistrate Judge indicated that Petitioner's refusal to admit guilt bolstered the notion that he would not have accepted a plea. *See* ECF No. 18 at 16–17 (citing ECF No. 13-5 at 27, 82–83). The Court agrees with Petitioner that this evidence, standing alone, does not necessarily mean that Petitioner would not have accepted a guilty plea. *See, e.g.*, *Griffin v. United States*, 330 F.3d 733, 738 (6th Cir. 2003) ("[D]eclarations of innocence are therefore not dispositive on the question of whether Griffin would have accepted the government's plea offer."). Nevertheless, courts from within the Fourth Circuit have noted that "[a] petitioner's repeated protestations of innocence throughout trial, if applicable, are also relevant to the prejudice analysis in the plea context." *Wolford v. United States*, 722 F. Supp. 2d 664, 691 (E.D. Va. 2010); *see also Hyles v. United States*, 754 F.3d 530, 535 (8th Cir. 2014) ("Hyles also cannot meet *Strickland* 's second prong. She maintained her innocence at trial, at sentencing, and on appeal. Nothing in the record indicates she wanted to accept the plea offer and would have acknowledged her guilt even if properly advised about the risks of trial."). Therefore, the Court finds that the Magistrate Judge's consideration of Plaintiff's refusal to admit guilt was not improper.

overruled. Accordingly, the Court finds that Petitioner's sole ground for habeas relief lacks merit and thus Respondent's motion must be granted.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### CONCLUSION

After a thorough review of the record in this case, the Court agrees with the Magistrate Judge that Respondent's motion should be granted. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference, as modified. Therefore, it is **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** *with prejudice*. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
August 12, 2014